John E. Hill, SBN 45338
Enrique Martinez, SBN 206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Suite 500
Oakland, CA 94621
Tel: (510) 588-1000
Fax: (510) 632-1445
enriquemartinez@hill-law-offices.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELICA GARCIA, ALFONSO M. PADILLA, ELIA RODRIGUEZ, GABRIEL LOPEZ, IVETH RIVERA, JUAN BLANCO, KRIS HERNANDEZ, LEONARDO M. PEREZ, MARIA GARCIA, MARIO G. CONTRERAS, MARTIN GARCIA, MATILDE SAAVEDRA, RACHEL ROJAS-MORENO, AND SARAH AGUIRRE,

Plaintiffs,

v.

SNYDER'S-LANCE, INC. AND S-L DISTRIBUTION COMPANY, LLC,

Defendant.

**CASE NO.**

**COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES, AND INJUNCTIVE RELIEF**

**(1) FAILURE TO PAY WAGES;**
**(2) FAILURE TO PAY OVERTIME COMPENSATION;**
**(3) FAILURE TO INDEMNIFY FOR WORK-RELATED EXPENSES;**
**(4) UNLAWFUL DEDUCTIONS FROM WAGES;**
**(5) FORCED PATRONAGE;**
**(6) FAILURE TO PROVIDE MEAL PERIODS;**
**(7) FAILURE TO AUTHORIZE AND PERMIT REST PERIODS;**
**(8) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;**
**(9) FAILURE TO PAY WAGES UPON DISCHARGE OR RESIGNATION;**
**(10) UNFAIR BUSINESS PRACTICES;**
**(11) UNJUST ENRICHMENT;**
**(12) QUANTUM MERUIT; and**
**(13) CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

Plaintiffs Angelica Garcia, Alfonso M. Padilla, Elia Rodriguez, Gabriel Lopez, Iveth Rivera, Juan Blanco, Kris Hernandez, Leonardo M. Perez, Maria Garcia, Mario G. Contreras, Martin Garcia, Matilde Saavedra, Rachel Rojas-Moreno, and Sarah Aguirre ("Plaintiffs") allege and complain against Snyder's-Lance, Inc. and S-L Distribution Company, LLC ("Defendants") as follows:

## INTRODUCTION

1.   Plaintiffs work or have worked as delivery drivers for Defendants.  Plaintiffs deliver Snyder's of Hanover and Lance brands of products and various other brands of snack products to stores in California.  Although Plaintiffs are employees under California wage laws, Defendants have misclassified them as independent contractors.  As a result, Defendants have violated the California Labor Code, California Industrial Welfare Commission ("IWC") Wage Orders, California Business & Professions Code, and California common law.  Plaintiffs Angelica Garcia and Alfonso M. Padilla bring this employment action not only on their own behalf (like the other Plaintiffs), but also as a representative action under the Labor Code Private Attorneys General Act, California Labor Code § 2698 *et seq*. ("PAGA").

2.   Specifically, by misclassifying Plaintiffs and other aggrieved employees as independent contractors, Defendants have violated California law by: failing to pay for all hours worked and/or failing to pay minimum wage; failing to separately compensate rest periods; failing to pay overtime compensation; failing to reimburse work-related expenses; taking unlawful deductions from wages; forcing patronage; failing to provide meal and rest periods, and/or failing to properly compensate for meal and rest period violations; failing to provide accurate itemized wage statements; failing to pay all wages due on termination or resignation; and committing related violations. Plaintiffs seek unpaid wages, damages, restitution, penalties, interest, liquidated damages, declaratory and injunctive relief, attorneys' fees, costs, and other available relief for themselves individually, and on behalf of all aggrieved former and current employees.

**JURISDICTION AND VENUE**

3. The Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs are citizens of California, and Defendants are citizens of North Carolina and Delaware. As to each Plaintiff, the amount in controversy exceeds $75,000.

4. The Northern District of California is the proper venue under 28 U.S.C. § 1391(b)(3) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

5. At all relevant times, Plaintiffs have resided in the State of California and were employees of Defendants. Plaintiffs worked for Defendant in California within the four years preceding the filing of this action.

6. Plaintiff Angelica Garcia is a natural person who was employed by Defendants as a driver from approximately April 2018 to the present.

7. Plaintiff Alfonso M. Padilla is a natural person who was employed by Defendants as a driver from approximately 2012 to the present.

8. Plaintiff Elia Rodriguez is a natural person who was employed by Defendants as a driver during the relevant time period.

9. Plaintiff Gabriel Lopez is a natural person who was employed by Defendants as a driver from approximately 2006 to the present.

10. Plaintiff Iveth Rivera is a natural person who was employed by Defendants as a driver during the relevant time period.

11. Plaintiff Juan Blanco is a natural person who was employed by Defendants as a driver from approximately 2008 to the present.

12. Plaintiff Kris Hernandez is a natural person who was employed by Defendants as a driver from approximately April 2017 to the present.

13. Plaintiff Leonardo M. Perez is a natural person who was employed by Defendants

as a driver from approximately January 2015 to the present.

14.    Plaintiff Maria Garcia is a natural person who was employed by Defendants as a driver during the relevant time period.

15.    Plaintiff Mario G. Contreras is a natural person who was employed by Defendants as a driver from approximately August 2017 to the present.

16.    Plaintiff Martin Garcia is a natural person who was employed by Defendants as a driver during the relevant time period.

17.    Plaintiff Matilde Saavedra is a natural person who was employed by Defendants as a driver from approximately 2007 to the present.

18.    Plaintiff Rachel Rojas-Moreno is a natural person who was employed by Defendants as a driver until approximately November 2019.

19.    Plaintiff Sarah Aguirre is a natural person who was employed by Defendants as a driver from approximately June 2017 to March 2018.

20.    Upon information and belief, Snyder's-Lance, Inc. is a North Carolina corporation with its principal place of business located in Charlotte, North Carolina. While Plaintiffs are aware that Snyder's-Lance, Inc. was acquired by Campbell Soup Company in late March 2018, the Named Plaintiffs are informed and believe the Snyder's-Lance, Inc., is a surviving corporation following its merger with Twist Merger Sub, Inc., a wholly owned subsidiary that Campbell Soup Company formed in North Carolina and used to acquire the shares of Snyder's-Lance, Inc.

21.    Snyder's-Lance, Inc. is a corporation in good standing with the California Secretary of State as of the date of the filing of this Complaint.

22.    Upon information and belief, Snyder's-Lance, Inc. ceased to be a publicly traded company on or about March 26, 2018. However, upon information and belief, it is now a wholly-owned subsidiary of Campbell Soup Company, which is publicly traded on the New York Stock Exchange.

23.    Upon information and belief, S-L Distribution Company, LLC is a limited

liability company formed under the laws of Delaware.

24. Upon information and belief, S-L Distribution Company, LLC is a wholly owned subsidiary of Snyder's-Lance, Inc. and Campbell Soup Company is now its ultimate parent.

25. Upon information and belief, S-L Distribution Company, LLC's principal place of business is Charlotte, North Carolina; it shares officers and directors with its parent, Snyder's-Lance, Inc., and Charlotte, North Carolina, is where S-L Distribution Company, LLC's officers direct, control, and coordinate their activities.

26. S-L Distribution Company, LLC is a limited liability company in good standing with the California Secretary of State as of the date of the filing of this Complaint.

27. During all times material to this Complaint, Defendants were a single and/or integrated enterprise because Defendants operate under common control and interrelated operations, and engage in related activities for a common business purpose. This is evidenced by, among other things, the public records on file with the United States Securities and Exchange Commission, including quarterly and annual reports, made by Snyder's-Lance, Inc. during several years immediately preceding this Complaint. These reports demonstrate that Snyder's-Lance, Inc. and its wholly-owned domestic subsidiaries share officers and directors, and the subsidiaries are accounted for and treated as a consolidated enterprise for financial and public reporting.

28. Defendants are also jointly and severally liable as employers for the harms alleged in this Complaint because they have: (1) exercised control over the hours, wages or working conditions of Plaintiffs; (2) suffered or permitted Plaintiffs to work; and/or (3) "engaged" Plaintiffs, thereby creating a common law employment relationship. Plaintiffs were employees of Defendants within these definitions.

29. As Plaintiffs' joint employers, Defendants are all jointly and severally liable for Plaintiffs' owed damages, premium pay, restitution, liquidated damages, statutory penalties, interest, attorneys' fees and costs, and other relief under the Labor Code and other laws herein alleged.

30. Upon information and belief, each Defendant was the agent or co-conspirator with and/or working in concert with, the other Defendant and was at all times acting within the purpose and scope of such agency, employment, concerted activity, or conspiracy. Plaintiffs further allege that to the extent that specific acts or omissions were perpetrated by a certain Defendant, the other Defendant confirmed and ratified said acts and omissions.

## FACTUAL BACKGROUND

31. Defendants are in the business of distributing certain brands of snack foods to stores throughout the country, including in California. Defendants maintain warehouses at various locations in California, including a warehouse in Richmond. As drivers for Defendants, Plaintiffs perform services within the usual course of Defendants' business. Based on the nature of Defendants' business and Plaintiffs' services for Defendants, Plaintiffs are (or were) Defendants' employees.

32. Defendants hire drivers, purportedly as independent contractors, to pick up products at their warehouses and deliver the products to stores within assigned territories.

33. Drivers are permitted to work only after they pay substantial sums to "buy" a route and sign a form contract called a "Distribution Agreement." Defendants determine the price of the route.

34. The Distribution Agreement, which is presented to drivers as a take-it-or-leave-it contract of adhesion, includes the following terms that are enforced by Defendants, among others:

a. Drivers are required to purchase products from Defendants for distribution to stores;

b. Drivers may only deliver specifically-authorized products to specifically-authorized stores in a specifically-defined territory;

c. Defendants determine the price that drivers must pay for its products and the terms under which those products are purchased;

d. Drivers are responsible for bearing all costs and expenses for delivering Defendants' products;

e. Drivers must bear the cost of products they buy from Defendants that are stale,

distressed, out-of-code, or otherwise not sold;

f. Defendants provide central billing for certain stores, so the stores pay Defendants, which then pay the drivers after deducting certain costs, charges, or deductions;

g. Defendants retain the right, in their sole discretion, to assign its rights under the agreement to another person, but drivers may not assign their rights without Defendants' consent;

h. Defendants retain the right to terminate a driver's agreement, with all of the driver's rights reverting to Defendants, if the driver fails to maintain satisfactory services or fails to meet the requirements of their customers;

i. If a driver is temporarily unable to provide deliveries by reason of short term illness, emergency, holiday, or vacation of its employees, and is unable to arrange for replacement services, Defendants may provide such services, at the driver's expense;

j. When an agreement is terminated, Defendants have the right to operate the territory;

k. Drivers are required to purchase their own workers' compensation insurance, as well as other insurance to protect and benefit Defendants.

35. Drivers are required to pay all costs of making deliveries, including buying products from Defendants, providing a vehicle, paying for fuel, and obtaining insurance, together with other costs. When drivers go to Defendants' warehouses to pick up products, the drivers are charged for the products at prices determined by Defendants. Defendants and the stores negotiate the prices that the stores pay for products. When the drivers deliver products to their assigned stores (at prices over which the driver has no control, because they have been negotiated between Defendants and the store), the stores usually pay Defendants, which then are supposed to credit the driver for the payments. Defendants issue weekly statements to the drivers, but those statements regularly contain confusing and seemingly inaccurate information. For example, drivers who pick up products from Defendants' warehouses during one business week are charged for those products in the prior week's accounting. Some drivers have been charged for products they did not actually receive. When drivers have asked Defendants for

clarification of the statements, Defendants have been unable or unwilling to provide clarification. Instead, Defendants deduct monies allegedly owed to Defendants, even when the basis for those allegedly owed amounts remains unclear or in dispute.

36. Defendants employ office and supervisory personnel who work at their warehouses, as well as other locations and offices around the country. Those employees regularly work with drivers to coordinate deliveries and to respond to customer complaints or issues.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY WAGES
## (California Labor Code §§ 200, 218.6, 1194, 1194.2, 1197 and Wage Order No. 9)

37. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

38. Wages are defined under California Labor Code § 200 to include all amounts for labor performed. Under Wage Order No. 9, § 4(B), an employer must pay non-exempt employees for all hours worked, and must pay at least minimum wage, whether payment is measured by time, commission, or otherwise. "Hours worked" is defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id.* § 2(H). Thus, an employer that pays employees on a commission basis violates the law if it does not compensate its employees for all hours worked and at the minimum wage rate.

39. Defendants paid Plaintiffs on a commission compensation system. This payment system failed to compensate Plaintiffs at minimum wage and/or failed to compensate for all hours worked, particularly after unlawful deductions were made by Defendants.

40. Defendants also failed to pay Plaintiffs separately for rest periods. An employer that pays on a commission basis must provide separately compensation for rest periods. Wage Order No. 9, § 12, provides that "rest period time shall be counted as hours worked for which there shall be no deduction from wages." *Vaquero v. Stoneledge Furniture LLC*, 214 Cal. Rptr. 3d 661, 668-71 (Ct. App. 2017).

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained damages, including loss of earnings for hours worked in an amount to be established at trial. Defendants are liable for the unpaid wages including unpaid rest periods, interest, liquidated damages, and attorneys' fees and costs, pursuant to California Labor Code §§ 218.6, 1194, and 1194.2.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME COMPENSATION**
**(California Labor Code §§ 218.6, 510, 1194, 1198 and Wage Order No. 9)**

42. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

43. Under California Labor Code § 510 and Wage Order No. 9, § 3, non-exempt employees are entitled to one and one-half times their hourly pay for all hours worked in excess of 8 hours up to and including 12 hours in any workday, for the first 8 hours worked on the 7th consecutive day of work in a workweek, and for any work in excess of 40 hours in any one workweek. Non-exempt employees are entitled to double time for any hours worked beyond 12 hours in a workday and in excess of 8 hours on the 7th consecutive day of a workweek.

44. On many occasions, Plaintiffs worked in excess of 8 hours in a workday and/or 40 hours in a workweek.

45. Defendants failed to compensate Plaintiffs for overtime hours worked, in violation of California law.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained damages, including loss of earnings for overtime hours worked in an amount to be established at trial. Defendants are liable for unpaid overtime wages, interest, liquidated damages, and attorneys' fees and costs, pursuant to California Labor Code §§ 218.6 and 1194.

**THIRD CAUSE OF ACTION**
**FAILURE TO INDEMNIFY FOR WORK-RELATED EXPENSES**
**(California Labor Code § 2802 and Wage Order No. 9)**

47. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

48. California Labor Code § 2802(a) requires an employer to reimburse employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Wage Order No. 9, § 9, also requires an employer to reimburse employees for tools and equipment that "are required by the employer or are necessary to the performance of a job."

49. Plaintiffs have incurred expenses in direct consequence of the discharge of their duties as employees of Defendants that have not been reimbursed by Defendants. For example, and without limitation, Plaintiffs have been required by the nature of their duties to use their own vehicles and use a cell phone in the course of their employment. Defendants did not reimburse Plaintiffs for gas, other vehicle expenses, or cell phones. Also, Defendants required Plaintiffs to purchase the routes between the stores where they deliver snack food. Defendants did not reimburse Plaintiffs for the down payments or the weekly payments toward the routes.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained damages and are entitled to recover their necessary expenditures or losses, as well as interest, attorneys' fees and costs pursuant to California Labor Code § 2802.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**
**(California Labor Code § 221)**

51. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

52. Labor Code § 221 prohibits deductions from employee wages. Labor Code § 224 permits deductions to be made from wages only for "items that are for the benefit of the employee, not the employer." *City of Oakland v. Hassey*, 78 Cal. Rptr. 3d 621, 642 (Ct. App. 2008). Items that consist of normal operating expenses of the business are not for the employee's benefit, and hence deductions from wages for such items are precluded, even if the employee consents to such deductions in writing. " '[A]n employer may not "pass through" the normal costs of operating a business to the employee he hires. Debiting an employee's earned wages to cover a normal operating expense of the employer is not allowed in California.' "

*Davis v. Farmers Ins. Exchange*, 200 Cal. Rptr. 3d 315, 343 (Ct. App. 2016). Also, under Wage Order No. 9, § 8, an employer is prohibited from deducting from wages for any breakage, absent gross negligence or a dishonest or willful act.

53. Defendants have unlawfully deducted items from Plaintiffs' wages that were not for the benefit of Plaintiffs, but rather were for Defendants' benefit. These items are normal operating expenses of Defendants' delivery and merchandising business, including, without limitation, weekly deductions for having to "rent" a handheld device, payments for routes and costs, and expenses of delivering the products, including stale, destroyed, or unsold goods that were unlawfully deducted from their pay.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered damages, and Defendant is liable for the amount of the withheld wages.

**FIFTH CAUSE OF ACTION**
**FORCED PATRONAGE**
**(California Labor Code § 450)**

55. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

56. Pursuant to Labor Code § 450(a), an employer may not "compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value." An employer violates the statute by, among other things, "forc[ing] an employee to patronize it in the purchase of a company-provided good or service . . . ." *McDaniel v. Wells Fargo Investments, LLC*, 717 F.3d 668, 677 (9th Cir. 2013).

57. Defendants have unlawfully forced Plaintiffs to patronize them and other entities. For example, and without limitation, Defendants have required Plaintiffs to purchase routes, handheld devices, insurance, and products; and to obtain loans for the route payments through banks.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered damages, and Defendants are liable for the expenditures that Plaintiffs were forced to make.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(California Labor Code §§ 226.7, 512 and Wage Order No. 9)**

59. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

60. Under Wage Order No, 9, § 11(A), and California Labor Code § 512, an employer shall not employ an employee for more than 5 hours per day without providing the employee with a meal period of not less than 30 minutes. A second meal period of not less than 30 minutes is required if an employee works more than 10 hours per day. California Labor Code §226.7(a), prohibits employers from requiring employees to work during meal periods.

61. Under California Labor Code § 226.7(c) and Wage Order No. 9, § 11(D), if an employer fails to provide an employee a meal period, the employer must pay the employee one hour of compensation at the employee's regular rate of compensation for each workday that the meal period is not provided.

62. Defendants failed to provide legally-complaint meal periods to Plaintiffs. Defendants also did not pay one hour of compensation at Plaintiffs' regular rate of compensation for each workday that a meal period was not provided.

63. Defendants' unlawful acts deprived Plaintiffs of meal periods, and Plaintiffs are entitled to recover one additional hour of pay at their regular rate of compensation for each day on which one or more meal periods was not provided.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO AUTHORIZE AND PERMIT REST PERIODS**
**(California Labor Code § 226.7 and Wage Order No. 9)**

64. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

65. Under Wage Order No, 9, § 12(A), employers shall authorize and permit paid, uninterrupted 10-minute rest periods. California Labor Code §226.7(a) prohibits employers from requiring employees to work during rest periods.

66. Under California Labor Code § 226.7(c) and Wage Order No. 9, § 12(B), if an employer fails to provide an employee a rest period, the employer must pay the employee one hour of compensation at the employee's regular rate of compensation for each workday that the rest period is not provided.

67. Defendants failed to provide legally-complaint rest periods to Plaintiffs. Defendants also did not pay one hour of compensation at Plaintiffs' regular rate of compensation for each workday that a rest period was not provided.

68. Defendants' unlawful acts deprived Plaintiffs of rest periods, and Plaintiffs are entitled to recover one additional hour of pay at their regular rate of compensation for each day on which one or more rest periods was not provided.

**EIGHTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(California Labor Code § 226 and Wage Order No. 9)**

69. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

70. California Labor Code § 226(a) and Wage Order No. 9, § 7, require employers to provide itemized wage statements to their employees each time wages are paid. The statements must contain specific information required by § 226(a) and Wage Order No. 9, § 7, including the gross and net wages earned, the total hours worked, the applicable rates of pay, the numbers of hours worked at each hourly rate, and all deductions.

71. Under California Labor Code § 226(e)(1), if an employer knowingly and intentionally fails to provide an accurate statement required by § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation, and $100 for each subsequent violation, up to $4,000 in aggregate penalties.

72. Defendants knowingly and intentionally failed to furnish accurate wage statements. Plaintiffs are informed and believe and, on that basis, allege that the statements provided by Defendants do not accurately reflect the gross wages earned, net wages earned, the total hours worked, the hourly rate and overtime hourly rate, the numbers of hours worked at

each hourly rate, and/or the appropriate legal deductions.

73. Plaintiffs suffered injury under § 226(e). Defendants failed to provide accurate and complete information as required by § 226(a), and Plaintiffs could not promptly and easily determine the amount of gross wages or net wages, the total hours worked, the hourly and overtime rates, the numbers of hours worked at each hourly rate, and/or the appropriate legal deductions.

74. Consequently, Defendants are liable to Plaintiffs for the greater of actual damages in amounts to be determined at trial or statutory penalties, as well as attorneys' fees and costs under California Labor Code § 226(e).

**NINTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES UPON DISCHARGE OR RESIGNATION**
**(California Labor Code §§ 201-03)**

75. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

76. Plaintiffs Rachel Rojas-Moreno and Sarah Aguirre were discharged or resigned.

77. Defendants willfully failed to pay Plaintiffs Rachel Rojas-Moreno and Sarah Aguirre all wages due immediately upon discharge or within 72 hours of resignation, as required by California Labor Code §§ 201 or 202.

78. As a direct and proximate result of Defendants' willful failure to pay Plaintiffs all wages due, Plaintiffs Rachel Rojas-Moreno and Sarah Aguirre are entitled to recover "waiting time" penalties of up to 30 days' wages pursuant to California Labor Code § 203 in an amount to be established at trial.

**TENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(California Business & Professions Code §§ 17200-17208)**

79. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

80. California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent

business practices.

81. Defendants have committed unlawful acts under the UCL. Defendants' unlawful and unfair business practices include, but are not limited to, violations of California Labor Code §§ 201-03, 221, 226, 226.7, 402, 450, 510, 512, 558, 1194, 1197, 1198, 2802, 2926, 2927, and Wage Order No. 9. These violations include but are not limited to failure to pay for all hours worked and/or failure to pay minimum wage; failure to separately compensate rest periods; failure to pay overtime wages; failure to reimburse work-related expenses; unlawful deductions from wages; forced patronage; failure to provide meal and rest periods, or to pay premium pay for all meal and rest periods that were not provided; failure to provide accurate itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment.

82. Pursuant California Business and Professions Code § 17203, Plaintiffs are entitled to restitution of the money that Defendants acquired by means of its unlawful acts under the UCL.

83. Plaintiffs are also entitled to an injunction. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the wrongful business practices alleged herein.

**ELEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(California common law)**

84. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

85. Defendants have been unjustly enriched at Plaintiffs' expense by, among other things, requiring Plaintiffs to pay for routes and to bear business expenses. It is unjust for Defendants to retain the benefits received at Plaintiffs' expense.

86. Plaintiffs are entitled to restitution equal to the monetary benefits unjustly retained by Defendants.

**TWELFH CAUSE OF ACTION**

**QUANTUM MERUIT**
**(California common law)**

87. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

88. Plaintiffs have performed labor for Defendants, and Defendants has deprived Plaintiffs of the reasonable value of their services. Plaintiffs are entitled to recover the reasonable value of their services rendered.

**<u>THIRTEENTH CAUSE OF ACTION</u>**
**CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
**(California Labor Code § 2698 *et seq.*)**

89. Plaintiffs incorporate each and every allegation of the preceding paragraphs, as though fully set forth herein.

90. Plaintiffs Angelica Garcia and Alfonso M. Padilla, as aggrieved employees, bring this claim under California Labor Code § 2698 *et seq*. on behalf of themselves and all other current or former aggrieved employees in California.

91. Pursuant to California Labor Code § 2699.3, on November 20, 2019, Plaintiffs, by and through their counsel, filed online and sent notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code that have been violated ("PAGA Notice"), including the facts and theories to support the violations. The LWDA has not responded to Plaintiffs' PAGA Notice as of the date of this Complaint. Plaintiffs thus have complied with the PAGA notice requirement.

92. As alleged above, Defendants have violated the provisions of the California Labor Code, including the failure to pay for all hours worked and/or failure to pay minimum wage; failure to separately compensate rest periods; failure to pay overtime wages; failure to reimburse work-related expenses; unlawful deductions from wages; forced patronage; failure to provide meal and rest periods, or to pay premium pay for all meal and rest periods that were not provided; failure to maintain or provide accurate itemized wage statements; failure to timely pay all wages and money due at the time of separation of employment. Defendants have also

violated the California Labor Code by willfully misclassifying employees as independent contractors. Plaintiffs seek recovery of unpaid wages and penalties resulting from said violations on behalf of themselves and all other aggrieved employees in California.

93. Pursuant to California Labor Code § 2699, Plaintiffs are entitled to recover civil penalties for Defendants' violations of Labor Code §§ 201-203, 210, 221, 225.5, 226, 226.3, 226.7, 226.8, 256, 450, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, and 2802.

94. Plaintiffs request an award of attorneys' fees and costs, including as authorized under California Labor Code § 2699(g)(1).

**RELIEF SOUGHT**

WHEREFORE, Plaintiffs, on behalf of themselves and other aggrieved employees, pray for judgment and the following specific relief against Defendants as follows:

1. That the Court declare, adjudge, and decree that Defendants violated the provisions of the California Labor Code, Wage Order No. 9, and California Business & Professions, as to Plaintiffs and other aggrieved employees, as alleged herein;

2. That the Court make an award to Plaintiffs of the unpaid balance of all wages owed for hours worked (pursuant to California Labor Code §§ 1194, 1197, and Wage Order No. 9);

3. That the Court make an award to Plaintiffs of overtime premiums for all overtime hours worked (pursuant to California Labor Code §§ 510, 1194, and 1198, and Wage Order No. 9);

4. That the Court make an award to Plaintiffs of necessary expenditures or losses incurred in direct consequence of the discharge of their duties (pursuant to California Labor Code § 2802 and Wage Order No. 9);

5. That the Court make an award to Plaintiffs of unlawful deductions from wages (pursuant to California Labor Code § 221);

6. That the Court make an award to Plaintiffs for forced expenditures (pursuant to

California Labor Code § 450);

7.    That the Court make an award to Plaintiffs of one hour of pay at each employee's regular rate of compensation for each workday on which a meal period(s) was not provided (pursuant to California Labor Code § 226.7 and Wage Order No. 9);

8.    That the Court make an award to Plaintiffs of one hour of pay at each employee's regular rate of compensation for each workday on which a rest period(s) was not provided (pursuant to California Labor Code § 226.7 and Wage Order No. 9);

9.    That the Court make an award to Plaintiffs for failure to provide accurate wage statements (pursuant to Labor Code § 226);

10.    That the Court make an award to Plaintiffs Rachel Rojas-Moreno and Sarah Aguirre of "waiting time" penalties (pursuant to California Labor Code § 203);

11.    That the Court make an award to Plaintiffs Rachel Rojas-Moreno and Sarah Aguirre to compensate for services rendered up to resignation or termination (pursuant to California Labor Code §§ 2926-2927);

12.    That the Court make an award to Plaintiffs of liquidated damages (pursuant to California Labor Code § 1194.2);

13.    That the Court order Defendants to pay restitution to Plaintiffs (pursuant to California Business and Professions Code § 17200 *et seq*.);

14.    That the Court enjoin Defendants, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200 *et seq*.;

15.    That the Court order Defendants to pay restitution to Plaintiffs equal to the monetary benefits unjustly retained by Defendant;

16.    That the Court order Defendants to pay restitution to Plaintiffs equal to the reasonable value of the services rendered;

17.    That the Court order Defendants to pay penalties for violations as to Plaintiffs and other aggrieved employees (pursuant to the Private Attorneys General Act, California Labor Code § 2698 *et seq.* and its associated Labor Code statutes);

18. For all other Orders, findings and determinations identified and sought in this Complaint;

19. For interest on the amount of any and all economic losses, at the legal rate;

20. For reasonable attorneys' fees (pursuant to California Labor Code §§ 1194, 2802, 2699(g)(1)); and

21. For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: April 10, 2020

Respectfully submitted,

By: __________________________
Enrique Martinez
LAW OFFICES OF JOHN E. HILL

Counsel for Plaintiffs

- 19 -

COMPLAINT – *Garcia, et al. v. Snyder's-Lance, Inc., et al.*